## Joseph Field *versus* Daniel Hitchcock.

A bequest of the use of money to a person for life, and then over, is to be deemed a gift of the interest only, and not an absolute gift of the principal.

The rule, that where evidence is given of a party's declaration by way of confession, he shall have the benefit of what makes in his favor, as well as the burden of that which makes against him, requires, that what thus makes in his favor shall be fairly and liberally considered and weighed with the other evidence, but not that full faith and credit shall be placed in such statement.

THIS was an appeal from a decree of the judge of probate upon the petition of the appellant praying that the appellee might be held to account, as executor of Joseph Field, deceased, for certain sums of money therein specified. The following were two of the reasons of appeal :

1. Because the judge of probate did not charge the appellee with the accounting for $1000, cash left by the testator, of which the appellee had knowledge.

2. Because the judge did not require the appellee to account for the sum of $1000, and interest thereon from one year previous to the decease of the testator, being a sum actually due from the executor to the testator.

The facts are sufficiently set forth in the opinion of the Court.

*Sept. 29th.*    *Merrick* and *Bliss*, for the appellant.

*C. Allen* and *Washburn*, for the appellee, cited to the point, that the bequest of the use of money to a person for life, must be deemed an absolute gift, money being a commodity necessarily consumed in the use, *Merrill* v. *Emery*, 10 Pick. 507 ; *Randall* v. *Russell*, 3 Meriv. 193 ; Williams on Executors, 858 ; that the answers of an executor in the Probate Court in relation to his account, are subject to the same rules as an answer in chancery, *Boston* v. *Boylston*, 4 Mass. R. 322 ; *Higbee* v. *Bacon*, 8 Pick. 484 ; and that the answer of a respondent, in chancery, where it is responsive to an allegation in the bill, is conclusive evidence, unless contradicted by more evidence than the testimony of one witness, 3 Dane's Abr. 378, 379 ; *Clark* v. *Van Riemsdyk*, 9 Cranch, 160.

*April term, 1836.*    The opinion of the Court was subsequently drawn up by SHAW C. J. The respondent, Daniel Hitchcock, was one

of the executors of the will of Joseph Field, who died in 1815 ; this trust was assumed by the respondent jointly with the widow of the testator.   Joseph Field, the nephew of the testator, and the principal legatee under his will, now seeks to charge the respondent with certain sums of money not inventoried or accounted for, and this partly upon evidence derived from the answers of the respondent to interrogatories proposed in the Probate Court, and partly from evidence *aliunde*.   The question is principally one of fact, depending upon the evidence ; but there are two positions advanced, as matters of law, which perhaps deserve a separate consideration.

It was contended in the argument for the respondent, that as the money was given to the wife for her life, and as money is a commodity consumed in the use, it must be deemed an absolute gift.   This is certainly an extraordinary proposition. I have not the will before me, but I take its provision to be this, that the testator gives his personal property, or the use of it, to his wife for her life, and then over to the complainant.   I take it that nothing is now better settled, than that such a gift is a gift of the interest only, and if no trustee is specially named, it is the duty of the executor to invest the money, and pay the interest only to the person entitled for life, and preserve the principal for him who is entitled to take afterwards.   Besides, were it not so, it would not excuse the executor from introducing the money into the inventory, and subjecting it to the regular course of administration.

It was also contended in behalf of the respondent, as executor, that if the evidence tended to show that the testator left any ready money, it also went to prove that it was given to his wife in the testator's last sickness, and was good as a *donatio causâ mortis*.   This is founded on the testimony of one of the witnesses only, James Blair, who having testified, that the respondent admitted that the testator left a considerable sum of money, added, that Hitchcock said, that what money was left on hand was given by the testator to his wife in his last sickness.   It is undoubtedly a well settled and very equitable rule of law, that where evidence is given of a party's declaration by way of confession, the whole shall be given in evidence, and he shall have the benefit of what makes in his favor,

as well as the burden of that which makes against him. But of course this rule can go no further than this, that what thus makes in his favor shall be taken into consideration, and fairly and liberally considered and weighed with the other evidence The rule cannot require any court or jury to put full faith and credit in such statement; for if it were so, where the same party has made conflicting statements upon the same subject, the court would be obliged to believe contradictions. And this in truth is the condition of the present case. The defendant now denies, that to his knowledge, any money was left by the testator, and his defence goes on that ground ; and this is wholly inconsistent with his knowledge of the fact, that any money thus left, was given to the wife in the testator's last sickness.

The chief justice then procceded to examine the evidence. The result was, that the decree of the judge of probate was reversed, and it was ordered that the appellee charge himself with cash not inventoried, $1000, and with his own debt, $1000.